UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| *In re* BAYCOL PRODUCTS LITIGATION | MDL NO. 1431 (MJD/SRN) |
| This Document Relates to: | **REPORT AND RECOMMENDATION** |
| *Gordon Boucher, et al., v. Bayer Corp., et al.* (*Plaintiff Mary Ella Smith only*) | Case No. 04-1233 |

No appearance on behalf of Plaintiff Mary Ella Smith

Susan A. Weber, Esq. and James W. Mizgala, Esq. on behalf of Defendant Bayer Corporation

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter comes before the undersigned Magistrate Judge of District Court on Defendant Bayer Corporation's Motion for Discovery Sanctions against Plaintiff Mary Ella Smith [Doc. No. 61]. This matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

**I.   INTRODUCTION**

Defendant Bayer Corporation ("Bayer") moves this Court to dismiss this action with prejudice as a sanction under Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure for Plaintiff's failure to comply with this Court's Order of February 12, 2007.

On November 29, 2006, Defendant moved this Court to compel certain documentation to cure deficiencies in the Plaintiff's Fact Sheet ("PFS") and to compel the production of certain authorizations. Plaintiff did not oppose Defendant's motion. On February 12, 2007, this Court ordered Plaintiff to produce a properly executed Wal Mart Pharmacy Authorization within 10

days of the date of the Order.  To date, Plaintiff has failed to comply with this Court's Order.

**II.    DISCUSSION**

Defendant argues that this Court should dismiss Plaintiff's claims because Plaintiff has willfully violated this Court's Order, Defendant has been severely prejudiced by Plaintiff's ongoing failure to comply with discovery, and any lesser sanction will not cure the prejudice to Defendant.  Defendant argues that, without the Court ordered discovery, Defendant is prevented from adequately defending Plaintiff's claim.  Without the discovery, Defendant is unable to determine when, if ever, Baycol was sold to Plaintiff, the dosage at which it was prescribed and used, the nature, extent and potential causes of Plaintiff's alleged injuries and the extent of Plaintiff's damages.

Plaintiff has failed to reply to Defendant's motion.

Federal Rule of Civil Procedure 37 provides courts with broad discretion to impose sanctions for failure to comply with discovery orders, including the ultimate sanction of dismissal with prejudice.  In pertinent part, the rule states that "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule . . . the court in which the action is pending may make such orders in regard to the failure as are just, [including] an order . . . dismissing the action or proceeding or any part thereof."  Fed. R. Civ. P. 37(b)(2)(C).

In the Eighth Circuit, dismissal may be considered as a sanction only where there is an order compelling discovery, willful violation of that order, and prejudice to the opposing party.  Keefer v. Provident Life & Accident Ins. Co., 238 F.3d 937, (8th Cir. 2000) (citation omitted).  While the district court has discretion to impose discovery sanctions, such sanctions must be just

and specifically related to the claim at issue.  Id. (citations omitted).  Before imposing dismissal, courts must consider whether a lesser sanction is appropriate under the circumstances, but need not impose the least onerous sanction available.  Id. (citations omitted).  The Court notes that it has supported the imposition of such sanctions in prior Baycol matters.  See, e.g., Order, *Multop, et al. v. Bayer Corp.*, No. 04-0855 ( D. Minn. October 13, 2005).

In the present case, Plaintiff has willfully ignored this Court's Order and has failed to respond to this motion.  Further, the Court finds that Bayer has shown the requisite prejudice.  It is undisputed that Bayer is entitled to discover fundamental facts regarding Plaintiff's usage of Baycol, injuries and damages.  Plaintiff's failure to comply with discovery makes it virtually impossible for Bayer to prepare an adequate defense to his claim.  Hence, a sanction of dismissal of Plaintiff's claims is appropriate under these circumstances.

This Court must consider, of course, whether a lesser sanction against Plaintiff will cure the prejudice to Bayer.  However, because Plaintiff saw fit to ignore this Court's Order and to ignore this motion,  the Court finds, in its discretion, that any lesser sanction would be futile.  It is recommended that Bayer's motion for dismissal be granted.

Based on all the files, records, and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.   Defendant Bayer Corporation's Motion for Discovery Sanctions against Plaintiff Mary Ella Smith [Doc. No. 61] be GRANTED; and

2.   Plaintiff Mary Ella Smith's action be DISMISSED WITH PREJUDICE.

Dated:   April 9, 2007                    s/ Susan Richard Nelson
                                          SUSAN RICHARD NELSON
                                          United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 24, 2007,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.