UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| *In re* BAYCOL PRODUCTS LITIGATION | MDL NO. 1431 (MJD/SRN) |
| | **REPORT AND RECOMMENDATION** |
| This Document Relates to: | |
| *Gordon Boucher, et al. v. Bayer Corp., et al.*<br>    *(Plaintiff Alice Ross only)* | Case No. 04-1233 |

No appearance on behalf of Plaintiff Alice Ross

Philip S. Beck, Adam Hoeflich, Susan Weber, and James Mizgala, Esqs., on behalf of Defendant Bayer Corporation

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter comes before the undersigned United States Magistrate Judge on Defendant Bayer Corporation's Motion for Discovery Sanctions against Plaintiff Alice Ross (Doc. No. 81). This matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I.     INTRODUCTION

Defendant Bayer Corporation ("Bayer") moves this Court to dismiss this action with prejudice as a sanction under PTO 149 and Federal Rules of Civil Procedure 37(B)(2)(C) and 37(d) for Plaintiff Alice Ross's failure to appear for her duly noticed deposition on June 7, 2007, in Shreveport, Louisiana. Section I.A.2 of PTO 149 provides, in relevant part:

      a.      Defendants shall be entitled to depose each Plaintiff . . .

      d.      Except for good cause shown, if a Plaintiff fails to appear for his/her scheduled deposition, such Plaintiff's claims will be dismissed with prejudice.

On April 30, 2007, fully consistent with PTO 149, Bayer served a Notice of Deposition of Plaintiff Alice Ross upon Plaintiff's counsel of record to be taken on June 7, 2007, at the Singleton Law Office in Shreveport, Louisiana.

On June 1, 2007, Bayer's counsel called to confirm Plaintiff's deposition, and Plaintiff's counsel said that Plaintiff would not appear. Bayer agreed to cancel the deposition as long as Plaintiff's counsel would provide alternate dates for the deposition. Plaintiff's counsel refused this request because she was not able to locate her client. On June 4, 2007, Plaintiff's counsel notified Bayer by letter that Plaintiff would not appear for her deposition and that counsel would not provide other possible dates. To date, Bayer has received no indication that Plaintiff's counsel has ever been successful in locating Plaintiff.

## II.    DISCUSSION

Bayer argues that Plaintiff has willfully violated PTO 149, which established mandatory procedures for case-specific discovery, and that Bayer is prejudiced by Plaintiff's failure to appear for a deposition. In order to adequately defend against Plaintiff's claims, Bayer argues that it is entitled to fundamental discovery regarding Plaintiff's use of Baycol; the nature, extent, and potential causes of Plaintiff's alleged injuries; and the extent of Plaintiff's alleged damages. Plaintiff did not respond to Bayer's motion.

Federal Rule of Civil Procedure 37 provides courts with broad discretion to impose sanctions for failure to comply with discovery orders, including the ultimate sanction of dismissal with prejudice. In pertinent part, the rule states that "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule   . . . the court in which the action is pending may make such orders in regard to the failure as are just, [including] an order . . . dismissing the action or proceeding or any part thereof." Fed. R. Civ. P. 37(b)(2)(C).

In the Eighth Circuit, dismissal may be considered as a sanction only where there is an order compelling discovery, willful violation of that order, and prejudice to the opposing party. Keefer v. Provident Life & Accident Ins. Co., 238 F.3d 937, 940 (8th Cir. 2000) (citation omitted). While a district court has discretion to impose discovery sanctions, such sanctions must be just and specifically related to the claim at issue. Id. (citations omitted). Before imposing dismissal, a court must consider whether a lesser sanction is appropriate under the circumstances, but need not impose the least onerous sanction available. Id. (citations omitted). The Court notes that the sanction of dismissal has been found appropriate in similar Baycol matters. See, e.g., Haines v. Bayer Corp., Civ. No. 03-4601 (MJD/SRN), slip. op. at 1 (D. Minn. May 23, 2007) (adopting Report and Recommendation of May 4, 2007).

In the present case, PTO 149 specifically and clearly calls for the dismissal of an action if Plaintiff fails to appear for her deposition. Further, the Court finds that Bayer has shown the requisite prejudice. It is undisputed that Bayer is entitled to discover fundamental facts regarding Plaintiff's usage of Baycol, injuries, and damages, by way of deposition. Plaintiff's failure to appear at her scheduled

3

deposition and her refusal to provide alternative dates for a rescheduled deposition make it virtually impossible for Bayer to prepare an adequate defense to her claims.  Hence, a sanction of dismissal of Plaintiff's claims is appropriate under these circumstances.

This Court must consider, of course, whether a lesser sanction against Plaintiff would cure the prejudice to Bayer.  However, because Plaintiff essentially refuses to be deposed, the Court finds in its discretion that any lesser sanction would be futile.  It is therefore recommended that Bayer's motion for dismissal be granted.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Bayer Corporation's Motion for Discovery Sanctions against Plaintiff Alice Ross (Doc. No. 81) be **GRANTED**; and

2. Plaintiff Alice Ross's claims be **DISMISSED WITH PREJUDICE**.


Dated:   July 31, 2007

   s/ Susan Richard Nelson
Susan Richard Nelson
United States Magistrate Judge


Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 15, 2007,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.